# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO LEON, | 1:09-cv-00445-AWI-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | |
| JAMES D. HARTLEY, Warden, | [Doc. 15] |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## RELEVANT HISTORY

In the instant petition, Petitioner challenges the Board of Parole Hearing's (hereinafter "Board") August 31, 2006, decision finding him unsuitable for parole.

On May 17, 2007, Petitioner filed a state petition for writ of habeas corpus in the Los Angeles County Superior Court.[1] (Exhibit 1, to Motion.) The petition was denied on October

---

[1] Under the "mail-box rule" inmate pleadings are deemed filed when signed and delivered to prison officials. See Rule 3(d) of the Federal Rules Governing Section 2254 Cases; See Houston v. Lack, 487 U.S. 266 (1988) (deeming a prose prisoner's notice of appeal filed at the moment it was delivered to prison authorities for forwarding to the clerk of court). The Ninth Circuit Court of Appeals held in Saffold v. Newland, 250 F.3d 1282, 1288-89 (9th Cir. 2000 amended May 23, 2001) that the "mailbox" rule as provided for in Houston also applies to state and federal petitions with respect to calculating the statute of limitations under the AEDPA. Petitioner's attaches a prison log of his outgoing legal mail to his opposition which indicates that the Superior Court petition was mailed on May 17, 2007, and Respondent (and this Court) accept such as the filing date. (Attachment B, to Opposition, Reply, at 2.) All subsequent filing dates referenced in this order apply the date the documents were signed and presumed delivered to prison officials for mailing. The filing date for the instant federal petition is the proof of service date. (Court Doc. 1.)

29, 2007. (Exhibit 3, to Motion.) On February 12, 2008, Petitioner filed a petition in the California Court of Appeal, Second Appellate District. (Exhibit 4, to Motion.) That petition was denied on March 5, 2008. (Exhibit 5, to Motion) Petitioner then filed a petition in the California Supreme Court on April 15, 2008. (Exhibit 6, to Motion.) The petition was denied on September 17, 2008. (Exhibit 7, to Motion.)

Petitioner filed the federal petition on February 15, 2009. (Court Doc. 1.) Respondent filed the instant motion to dismiss on June 8, 2009. (Court Doc. 15.) Petitioner filed an opposition on June 30, 2009. (Court Doc. 16.) Respondent filed a reply to Petitioner's opposition on July 8, 2009. (Court Doc. 17.)

## DISCUSSION

### A.  Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules. See e.g. O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) (same). Thus, a respondent can file a motion to dismiss after the court orders a response, and the Court should use Rule 4 standards to review the motion. See Hillery, 533 F. Supp. at 1194 & n. 12.

In this case, Respondent's motion to dismiss is based on a violation of 28 U.S.C. 2244(d)(1)'s one-year limitations period. Therefore, the Court will review Respondent's motion to dismiss pursuant to its authority under Rule 4.

### B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on February 15, 2009, and therefore, it is subject to the provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. In a situation such as this where the petitioner is challenging a parole board decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir.2003) (holding that § 2241(d)(1)(D) applies in the context of parole decisions and that the Board of Prison Term's denial of an inmate's administrative appeal is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period).

1      "Section 2254 'is the exclusive vehicle for a habeas petition by a state prisoner in custody
2 pursuant to a state court judgment, even when the petition is not challenging his underlying state
3 court conviction.'" Sass v. Cal. Bd. of Prison Terms, 461 F.3d 1123, 1126-1127 (9th Cir.2006),
4 quoting White v. Lambert, 370 F.3d 1002, 1009-10 (9th Cir.2004). Under the AEDPA, an
5 application for habeas corpus will not be granted unless the adjudication of the claim "resulted in
6 a decision that was contrary to, or involved an unreasonable application of, clearly established
7 Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision
8 that was based on an unreasonable determination of the facts in light of the evidence presented in
9 the State Court proceeding." 28 U.S.C. § 2254(d). In the context of reviewing parole decisions,
10 due process requires that: 1) the inmate must receive advance written notice of a hearing, Pedro
11 v. Oregon Parole Bd., 825 F.2d 1396, 1399 (9th Cir.1987); 2) the inmate must be afforded an
12 "opportunity to be heard," Greenholtz v. Inmates of Neb. Penal and Corr. Complex, 442 U.S. 1,
13 16 (1979); 3) if the inmate is denied parole, the inmate must be told why "he falls short of
14 qualifying for parole," Id.; and 4) the decision of the Board must be supported by "some
15 evidence" having an indicia of reliability, Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445,
16 455 (1985); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir.1987).

17      In the instant petition, Petitioner contends that the Board's August 31, 2006, decision
18 finding him unsuitable for release on parole violated his federal rights.  Respondent argues that
19 the one-year limitation period began to run immediately following the parole decision of August
20 31, 2006, citing Redd v. McGrath, 343 F.3d 1077, 1081 (9th Cir. 2003) and Shelby v. Bartlett,
21 391 F.3d 1061, 1063 (9th Cir. 2004).  However, contrary to Respondent's argument the August
22 31, 2006, decision was merely a proposed decision, and it did not become final until December
23 29, 2006-120 days thereafter. Under the rationale of Redd, Petitioner could not have known the
24 factual predicate of his claim unless and until the decision became final.[2] See Redd v. McGrath,
25 343 F.3d at 1084 (statute of limitations begins to run when administrative decision becomes
26 final); see also Banks v. Kramer, 2009 WL 256449 *1 (E.D. Cal. 2009); Tidwell v. Marshall, __

---

[2] Based on this finding, the Court need not and does not reach Petitioner's additional argument that the statute of limitations could not begin to run until he actually received a copy of the Board hearing transcript.

4

F.Supp.2d ___, 2009 WL 1537960 (C.D. Cal. 2009); Feliciano v. Curry, 2009 WL 691220 (N.D. Cal. 2009); Ramirez-Salgado v. Scribner, 2009 WL 211117 (S.D. Cal. 2009); see also Cal. Pen. Code § 3041(b). The mere fact that the decision was not modified within the 120-day period does not change this result. Based on these facts, the statute of limitations began to run the following day on December 30, 2006, and absent any applicable tolling was set to expire on December 29, 2007.

C.   Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214 (2002).

   1. *Expiration of Limitations Period Prior to Filing First State Court Petition*

At the time Petitioner filed the first state court petition on May 17, 2007, 139 days of the one-year limitations period had expired.

   2. *Tolling During Pendency of State Court Petitions*

Respondent does not dispute that the one-year statute of limitations was tolled during the time the state court petitions were pending, i.e. May 17, 2007 through September 17, 2008.

   3. *Expiration of Limitations Period After Finality of State Court Review*

After the California Supreme Court denied the state court petition on September 17, 2008, an additional 151 days of the limitations period expired before the instant petition for writ of habeas corpus was filed on February 15, 2009. Consequently, the instant petition was filed 290 days into the one-year (365 days) statute of limitations period. Accordingly, Respondent's motion to dismiss the instant petition should be denied.[3]

---

[3] Because the instant petition is timely, the Court does not address Petitioner's argument for equitable tolling based on the lack of adequate access to documents in the prison law library.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that Respondent's motion to dismiss the instant petition for writ of habeas corpus as untimely be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **July 9, 2009**          /s/ **Dennis L. Beck**
                           UNITED STATES MAGISTRATE JUDGE