1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  GILBERTO LEON,                          1:09-cv-445  AWI DLB (HC)

10           Petitioner,            ORDER DECLINING TO ADOPT FINDINGS
                                    AND RECOMMENDATION, DISMISSING
11      v.                          PETITION FOR WRIT OF HABEAS CORPUS,
                                    AND DECLINING TO ISSUE A
12                                  CERTIFICATE OF APPEALABILITY
    JAMES D. HARTLEY, Warden,
13                                  [Doc. 22]
           Respondent.
14  _____/

15          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus
16
    pursuant to 28 U.S.C. § 2254.
17
            In the instant petition, Petitioner claims there was no evidence to support the Board of
18
    Parole Hearings' August 31, 2006 decision finding him unsuitable for release.
19
            On December 20, 2010, the Magistrate Judge issued Findings and Recommendations to
20
    deny the instant petition.
21
            On January 13, 2011, Petitioner filed objections to the Findings and Recommendations.
22
            On January 24, 2011, the Supreme Court held that the liberty interest at issue in these
23
    parole cases is the interest in receiving parole when the California standards for parole have been
24
    met, and the "minimum procedures adequate for due process protection of that interest are those
25
    set forth in [Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16
26
    (1979)]." Swarthout v. Cooke, 131 S. Ct. 859, 862 (2011). *Swarthout* explained that no
27
    Supreme Court opinion "supports converting California's 'some evidence' rule into a substantive
28

1    federal requirement." Id. "Because the only federal right at issue is procedural, the relevant

2    inquiry is what process [the Petitioner] received, not whether the state court decided the case

3    correctly." Id. at 863. If a petitioner receives the minimal procedural requirements of

4    Greenholtz, i.e. an opportunity to be heard and a statement of the reasons why parole was denied,

5    then the federal Due Process Clause will have been satisfied and federal review ends. See id. at

6    862-63; Kutylo v. Vaughan, 2011 U.S. App. LEXIS 2503 (9th Cir. Feb. 8, 2011); Smiley, 2011

7    U.S. App. LEXIS 1943.

8         Here, Petitioner challenges only whether there exists in the record "some evidence" of his

9    current dangerousness. As explained above, the Court cannot review such a claim. Swarthout,

10   131 S.Ct. at 862-63. Because the petition does not present cognizable claims for relief, it will be

11   summarily dismissed.

12   Certificate of Appealability

13        A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a

14   district court's denial of his petition, and an appeal is only allowed in certain circumstances.

15   Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining

16   whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

17          (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
            district judge, the final order shall be subject to review, on appeal, by the court
18          of appeals for the circuit in which the proceeding is held.

19          (b) There shall be no right of appeal from a final order in a proceeding to test the
            validity of a warrant to remove to another district or place for commitment or trial
20          a person charged with a criminal offense against the United States, or to test the
            validity of such person's detention pending removal proceedings.

21
            (c)    (1) Unless a circuit justice or judge issues a certificate of appealability, an
22                 appeal may not be taken to the court of appeals from–

23                     (A) the final order in a habeas corpus proceeding in which the
                       detention complained of arises out of process issued by a State
24                     court; or

25                     (B) the final order in a proceeding under section 2255.

26          (2) A certificate of appealability may issue under paragraph (1) only if the
            applicant has made a substantial showing of the denial of a constitutional right.

27
            (3) The certificate of appealability under paragraph (1) shall indicate which
28          specific issue or issues satisfy the showing required by paragraph (2).

1    If a court denies a petitioner's petition, the court may only issue a certificate of

2 appealability "if jurists of reason could disagree with the district court's resolution of his

3 constitutional claims or that jurists could conclude the issues presented are adequate to deserve

4 encouragement to proceed further." Miller-El, 537 U.S. at 327; Slack v. McDaniel, 529 U.S. 473,

5 484 (2000).  While the petitioner is not required to prove the merits of his case, he must

6 demonstrate "something more than the absence of frivolity or the existence of mere good faith on

7 his . . . part." Miller-El, 537 U.S. at 338.

8    In the present case, the Court finds that reasonable jurists would not find the Court's

9 determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or

10 deserving of encouragement to proceed further.  Petitioner has not made the required substantial

11 showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to

12 issue a certificate of appealability.

13

14    Accordingly, IT IS HEREBY ORDERED:

15    1) The Court declines to adopt the Findings and Recommendations;

16    2) The petition for writ of habeas corpus is SUMMARILY DISMISSED with prejudice;

17    3) The Clerk of Court is DIRECTED to enter judgment and close the case; and

18    4) The Court DECLINES to issue a certificate of appealability.

19 IT IS SO ORDERED.

20

Dated:   May 25, 2011                          _____

21                                              CHIEF UNITED STATES DISTRICT JUDGE

22

23

24

25

26

27

28

3